# In the United States Court of Federal Claims

BID PROTEST
No. 17-1115C
Filed Under Seal: November 21, 2017
Reissued for Publication: December 20, 2017[*]

| | |
|---|---|
| CLINICOMP INTERNATIONAL, INC.,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | Injunction Pending Appeal; RCFC 62(c). |
| v.   ) | |
| ) | |
| THE UNITED STATES,   ) | |
| ) | |
| Defendant,   ) | |
| ) | |
| v.   ) | |
| ) | |
| CERNER CORPORATION,   ) | |
| ) | |
| Defendant-Intervenor.   ) | |

*Richard J.R. Raleigh, Jr.*, Counsel of Record, *Jerome S. Gabig*, *Christopher L. Lockwood*, Wilmer & Lee, P.A., Huntsville, AL, for plaintiff.

*William P. Rayel*, Senior Trial Counsel, *Douglas K. Mickle*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Chad A. Readler*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC; *Mike Kraycinovich*, Of Counsel, *Frank DiNicola*, Of Counsel, United States Department of Veterans Affairs, for defendant.

*David Hazelton*, Counsel of Record, *Anne W. Robinson*, Of Counsel, *Kyle R. Jefocat*, Of Counsel, *Dean W. Baxtresser*, Of Counsel, *Morgan L. Maddoux*, Of Counsel, Latham & Watkins LLP, Washington, DC, for defendant-intervenor.

---

[*] This Order was originally filed under seal on November 21, 2017 (docket entry no. 69).  The parties were given an opportunity to advise the Court, by December 21, 2017, of their views with respect to what information, if any, should be redacted from the Order.  On December 20, 2017, the parties informed the Court that no redactions were required (docket entry no. 71).  And so, the Court is reissuing its Order, dated November 21, 2017, without redactions.

**ORDER DENYING PLAINTIFF'S**
**MOTION FOR INJUNCTION PENDING APPEAL**

GRIGGSBY, Judge

    Pending before the Court is CliniComp, International, Inc.'s ("CliniComp") motion for an injunction pending appeal, pursuant to Rule 62(c) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Pl. Mot. In this motion, CliniComp requests that the Court enjoin the United States Department of Veterans Affairs (the "VA") from awarding a contract to provide the VA's next generation electronic health records system to Cerner Corporation ("Cerner"), pending the resolution of CliniComp's appeal of the Court's October 18, 2017, Memorandum Opinion and Order dismissing this pre-award bid protest matter for lack of subject-matter jurisdiction (the "October 18, 2017, Decision").

    Cerner has also moved to strike certain portions of CliniComp's reply brief in support of CliniComp's motion for an injunction pending appeal, and the attachments thereto, or, alternatively, to file a sur-reply. *See generally* Int. Mot. For the reasons discussed below, the Court **DENIES** CliniComp's motion for an injunction pending appeal and **DENIES** Cerner's motion to strike, or, alternatively, to file a sur-reply.

**I.    BACKGROUND**

    This pre-award bid protest dispute involves a challenge of the Secretary of Veterans Affairs' (the "Secretary") decision to award a sole source contract to provide the VA's next generation electronic health records system to Cerner (the "Cerner Contract"), pursuant to the public interest exception to the Competition in Contracting Act. On October 18, 2017, the Court issued a Memorandum Opinion and Order that, among other things: (1) granted the government's and Cerner's respective motions to dismiss this matter for lack of subject-matter jurisdiction, upon the ground that CliniComp lacks standing to bring this action; (2) denied as moot the parties' cross-motions for judgment on the administrative record; and (3) denied CliniComp's motion for preliminary and permanent injunctions. *CliniComp Int'l, Inc. v. United States*, No. 17-1115 (Fed. Cl. Oct. 18, 2017).

    CliniComp filed a notice of appeal of the Court's October 18, 2017, Decision to the United States Court of Appeals for the Federal Circuit on October 23, 2017. *See generally* Pl.


Notice of Appeal.  On the same date, CliniComp also filed a motion for an injunction pending appeal, pursuant to RCFC 62(c).  *See generally* Pl. Mot.

On November 6, 2017, the government and Cerner filed their respective responses and oppositions to CliniComp's motion.  *See generally* Def. Resp. and Int. Resp.  On November 13, 2017, CliniComp filed a reply in support of its motion for an injunction pending appeal.  *See generally* Pl. Reply.[1]  In addition, on November 20, 2017, Cerner filed a motion to strike certain portions of CliniComp's reply brief and certain attachments thereto.  *See generally* Int. Mot.

## II.  LEGAL STANDARDS

Injunctions pending appeal are governed by RCFC 62(c).  Specifically, RCFC 62(c) provides that:

> While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

RCFC 62(c).

This Court has recognized that "[a]n injunction pending appeal provided for under RCFC 62(c), like a stay pending appeal, is 'an extraordinary remedy.'"  *Acrow Corp. v. United States*, 97 Fed. Cl. 182, 183 (2011) (quoting *Golden Eagle Refining Co. v. United States*, 4 Cl. Ct. 622, 624 (1984)).  This Court has also recognized that, when considering a motion for an injunction pending appeal, the Court "assesses the movant's chances for success on appeal and weights the equities as they affect the parties and the public."  *Id.* (quoting *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 513 (Fed. Cir. 1990) (internal quotation marks omitted)).  And so, the Court considers: "(1) whether the movant has made a strong showing that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent an injunction; (3) whether issuance of the injunction will substantially injure the other interested parties; and

---

[1] On October 25, 2017, CliniComp filed a motion for an injunction pending appeal and for expedited proceedings in its appeal before the United States Court of Appeals for the Federal Circuit.  *See CliniComp Int'l, Inc. v. United States*, No. 18-1101 (Fed. Cir. appeal docketed Oct. 25, 2017, at Entry No. 3).

(4) where the public interest lies." *Id*. (citing *Alaska Cent. Express, Inc. v. United States*, 51 Fed. Cl. 227, 229 (2001)).

The Court need not give each factor equal weight. *Id*. Given this, the Court's consideration of the aforementioned four factors is flexible and "may allow for an injunction pending appeal when the movant 'establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a *substantial* case on the merits,' *provided* the other factors miliate in [the] movants favor." *Akima Intra-Data, LLC v. United States*, 120 Fed. Cl. 25, 28 (2015) (emphasis original) (citing *Standard Havens Prods.*, 897 F.2d at 513).

### III.  DISCUSSION

In its motion for an injunction pending appeal, CliniComp argues that it is entitled to this extraordinary relief because the Court erred in finding that CliniComp lacks standing to bring this matter and in denying CliniComp's request for injunctive relief. Pl. Mot. at 1. CliniComp also argues that it will suffer irreparable harm due to, among other things, the loss of its existing business with the VA, if the Court denies its request to enjoin the VA from awarding the Cerner Contract during the pendency of CliniComp's appeal. *Id*. at 2. And so, CliniComp requests that the Court grant its motion, because the requested injunctive relief "will serve the public interest by preventing a waste of public resources in the event of a successful appeal by CliniComp." *Id*. at 3.

The government and Cerner counter in their respective responses and oppositions to CliniComp's motion that the Court should deny CliniComp's motion, because the Court does not possess subject-matter jurisdiction to grant such relief and because CliniComp has not demonstrated a likelihood of success upon the merits of its claims. Def. Resp. at 3-5; Int. Resp. at 4-6. The government and Cerner further argue that the Court should deny CliniComp's motion, because CliniComp fails to demonstrate irreparable harm in the absence of injunctive relief, or that the requested injunctive relief would be in the public interest. Def. Resp. at 5-7; Int. Resp. at 6-9.

For the reasons discussed below, a careful review of CliniComp's motion for an injunction pending appeal demonstrates that CliniComp has not shown a strong likelihood of

4

success on appeal, or that the equities weigh in favor of granting injunctive relief. And so, the Court **DENIES** CliniComp's motion for an injunction pending appeal.

### A. CliniComp Has Not Shown A Strong Likelihood Of Success On The Merits

As an initial matter, CliniComp has not demonstrated an entitlement to the injunctive relief that it seeks, because CliniComp lacks standing to bring this pre-award bid protest action. As the Court explained in the October 18, 2017, Decision, the administrative record in this case demonstrates that CliniComp could not have competed for the comprehensive, multi-billion dollar contract at issue in this dispute if the procurement process for that contract had been competitive. And so, CliniComp lacks standing to bring this action and the Court lacks jurisdiction to entertain CliniComp's claims. *Myers Investigative & Sec. Servs. v. United States*, 275 F.3d 1366, 1370-71 (Fed. Cir. 2002); *see also Orion Tech., Inc. v. United States*, 704 F.3d 1344, 1349 (Fed. Cir. 2013).

A review of CliniComp's motion for an injunction pending appeal makes clear that there is no genuine disputed that CliniComp has not provided services under a government contract of the size and scope contemplated by the Cerner Contract. Pl. Mot. at 1-4; Pl. Reply at 4; *see, e.g.*, AR at 2135. There is also no genuine dispute that CliniComp has had no comparable experience performing the comprehensive tasks required under the VA's planned contract with Cerner. Pl. Reply at 4.

In fact, in its motion for an injunction pending appeal, CliniComp simply restates the arguments that it previously and unsuccessfully advanced in this litigation. Pl. Reply at 3-8. Specifically, CliniComp again argues that the "non-trivial competitive injury" test for determining whether CliniComp has a direct economic interest in the procurement at issue should be applied in this case, and that CliniComp is a qualified bidder with standing because it can provide an alternative electronic health records system solution to the VA. *Id.* at 3-6.

As the Court held in the October 18, 2017, Decision, the relevant case law makes clear that the Court assesses CliniComp's "direct economic interest" in this case by inquiring whether, but for the alleged error, CliniComp would have had a substantial chance of being awarded the Cerner Contract and that this standard applies in bid protests involving a challenge to a sole source award. *See* October 18, 2017, Decision at 19; *see also Orion*, 704 F.3d at 1349; *Myers*,

5

275 F.3d at 1370; *Digitalis Educ. Sols., Inc. v. United States*, 664 F.3d 1380, 1385 (Fed. Cir. 2012) (holding that "[w]e see no reason to limit [the substantial chance] rule to competitive procurements."). And so, CliniComp has not met its burden to show that it has a strong likelihood of success on appeal with respect to any of its claims.

The Court is also unpersuaded by CliniComp's argument that it has a strong likelihood of success on appeal because the Court recognized that there was less evidence in the administrative record for this matter to explain why the Secretary decided to award the contract in dispute to Cerner. Pl. Reply at 6-7. CliniComp is correct in stating that the Court observed in the October 18, 2017, Decision that there was less evidence in the administrative record to specifically support the Secretary's decision to award the Cerner Contract to Cerner. *See* October 18, 2017, Decision at 24. But, the Court did not reach the merits of any of CliniComp's claims challenging the Secretary's sole source award decision. *Id.* at 25.

The Court did, however, observe in the October, 18, 2017, Decision, that the administrative record—and particularly the Secretary's Determination and Findings—appeared to support the Secretary's sole source award decision. *Id.* at 22-23. And so, the Court concluded that, even if CliniComp could establish that it has standing to bring this action, CliniComp was not likely to prevail upon the merits of any of its claims. October 18, 2017, Decision at 23.

Given this, the first factor that the Court considers in evaluating CliniComp's motion for an injunction pending appeal weighs against granting the requested injunctive relief.

### B. The Balance Of Harms And Public Interest Weigh Against Injunctive Relief

The other equities that the Court considers when evaluating a motion for an injunction pending appeal also weigh against granting such relief in this case.

First, CliniComp has not shown that it will suffer irreparable harm absent the requested injunctive relief. In its motion, CliniComp argues that it will be irreparably harmed if the Court declines to enjoin the award of the Cerner Contract, because CliniComp will lose existing contracts with the VA and Cerner will obtain an "organizational lock-in" with regards to the VA's new electronic health records system. Pl. Mot. at 2.

6

There is, however, no dispute that the VA's new electronic health records system will take several years to implement. Pl. Mot. at 3; Def. Resp. at 5; Int. Resp. at 6. In this regard, the government represents that the VA does not expect the Cerner Contract to cause CliniComp to lose any of its existing business with the VA before 2021. Def. Resp. at 5. Given this, the Court agrees with the government's assessment that there would be no imminent or irreparable harm to CliniComp if the VA were allowed to move forward with the award of the Cerner Contract.

The government also persuasively argues in its response and opposition to CliniComp's motion that a delay in the award of the Cerner Contract would be harmful to the Nation's veterans, because such a delay would impede the VA's ongoing efforts to improve medical care for veterans. Def. Resp. at 6. Cerner also argues that a delay in the award of the Cerner Contract would harm Cerner, because such a delay would halt months of progress and work on the part of the VA and Cerner to prepare for award of this contract. Int. Resp. at 7. And so, the defendants have demonstrated that their interests would be harmed by a delay in the award of the Cerner Contract.

In addition, CliniComp fails to show that the public interest favors granting an injunction in this case. In its motion for an injunction pending appeal, CliniComp contends that an injunction pending its appeal would serve the public interest by "preventing a waste of public resources in the event of a successful appeal by CliniComp." Pl. Mot. at 3. But, the public also has a strong interest in ensuring that the Nation's veterans receive timely and quality medical care. This public interest would be placed in jeopardy if there were to be a delay of the award of the Cerner Contract. And so, the Court concludes that the balance of the harms and public interest here cumulatively weigh against granting CliniComp's request for an injunction pending appeal. *See* RCFC 62(c).

**C. The Court Denies Cerner's Motion To Strike**

As a final matter, the Court denies Cerner's request to strike portions of CliniComp's reply in support of CliniComp's motion for an injunction pending appeal, and the attachments thereto, upon the ground that CliniComp raises new arguments in its reply brief and improperly seeks to incorporate other court filings into the reply. *See generally* Int. Mot. Cerner is correct in arguing that CliniComp may not raise new arguments in a reply brief and that CliniComp must also comply with the Court's rules, to the extent that CliniComp seeks to rely upon the court

filings attached to its reply brief. *Bannum v. United States,* 121 Fed. Cl. 543, 552, n.6 (2015); RCFC 5.4. But, as discussed above, CliniComp's reply brief raises the same standing and merits arguments that CliniComp has previously raised during the course of the briefing of the defendants' respective motions to dismiss and the parties' cross-motions for judgment on the administrative record, and during the oral argument held in this matter on October 2, 2017. And so, the Court does not read CliniComp's reply brief to present new arguments, or, more importantly, to prejudice Cerner, given the numerous opportunities that the defendants have had to respond to CliniComp's arguments during course of this litigation.

The Court also does not read CliniComp's reply brief to be an attempt to incorporate or otherwise rely upon CliniComp's filings before the Federal Circuit. Pl. Rep. at 2-3. And so, the Court **DENIES** Cerner's motion to strike these materials, or alternatively to file a sur-reply.

## IV. CONCLUSION

In sum, CliniComp simply has not met its heavy burden to demonstrate that it is entitled to the extraordinary remedy of an injunction pending the appeal of the Court's October 18, 2017, Decision. Rather, for the reasons discussed above, and in the Court's October 18, 2017, Decision, the record evidence in this case shows that CliniComp lacks standing to bring this action. And so, CliniComp has not demonstrated a strong likelihood of success on appeal.

The other equities that the Court considers when deciding a motion for an injunction pending an appeal also weigh against granting injunctive relief. Under such circumstances, the Court must deny CliniComp's motion. RCFC 62(c). Lastly, the Court denies Cerner's request to strike portions of CliniComp's reply in support of its motion for an injunction pending appeal, and the attachments thereto, and to file a sur-reply.

And so, for the foregoing reasons, the Court:

1. **DENIES** CliniComp's motion for an injunction pending appeal; and
2. **DENIES** Cerner's motion to strike, or, alternatively to file a sur-reply.

No costs.

Some of the information contained in this Memorandum Opinion and Order may be considered protected information subject to the Protective Order entered in this matter on August 23, 2017. This Memorandum Opinion and Order shall therefore be **FILED UNDER SEAL**.

The parties shall review the Memorandum Opinion and Order to determine whether, in their view, any information should be redacted in accordance with the terms of the Protective Order prior to publication.  The parties shall **FILE** a joint status report identifying the information, if any, that they contend should be redacted, together with an explanation of the basis for each proposed redaction on or before **December 21, 2017**.

    **IT IS SO ORDERED.**

                                      s/ Lydia Kay Griggsby  
                                      LYDIA KAY GRIGGSBY  
                                      Judge